# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO.  4:15cr10-RH/CAS

JAMES S. DORAN,

       Defendant.

_____/

## ORDER DENYING THE MOTION TO DISMISS

At a hearing on November 2, 2015, the government candidly set out in some detail its theory of the case: that the defendant made specific improper transfers of funds.  The indictment charges, in effect, that those transfers constituted theft or embezzlement within the meaning of 18 U.S.C. § 666(a)(1)(A).  But the indictment tracks the language of § 666(a)(1)(A) and thus also alleges fraud.  At the conclusion of the hearing, the parties said there were no other issues that should be addressed prior to trial.

On November 13, 2015—the Friday before trial is set to start on Monday—the defendant moved to dismiss the indictment.  I learned of the motion today, that

is, on the Sunday before the trial is set to start on Monday. So far as I know, the defendant did not alert anyone at the court that the motion had been filed.

The motion relies on *United States v. Schmitz*, 634 F.3d 1247 (11th Cir. 2011). There the jury convicted the defendant under § 666 and on other charges. The indictment's § 666 count, like the indictment in our case, included allegations that merely tracked the statute. On appeal, the Eleventh Circuit held the indictment's § 666 fraud allegations insufficient. The court noted that § 666 can be violated if the defendant does any one of five things: "embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts . . . or intentionally misapplies" property meeting specific criteria. The court held the indictment insufficient to charge the defendant with obtaining property by fraud, but the court plainly believed the indictment was sufficient to charge the other means of violating the statute. The court reversed the conviction only because the five means of violating § 666 were all submitted to the jury; it could not be said that the jury based its verdict on anything other than fraud. Id., 634 F.3d at 1263.

The government has made clear in our case that it does not assert fraud. It has abandoned any fraud claim and has asked to strike the fraud allegation from the indictment. The jury will not be instructed on fraud.

The government apparently has fully advised the defendant of the transfers the government asserts constituted theft or embezzlement. Had the defendant

timely moved for a Bill of Particulars, the government might well have consented, and in any event the motion probably would have been granted. The government should be prepared to provide before opening statements, if the defendant so requests, a Bill of Particulars listing the transfers. Any such request will be addressed—and any objection by the government will be considered de novo—at the attorney conference that precedes jury selection.

For these reasons,

IT IS ORDERED:

The defendant's motion to dismiss, ECF No. 32, is denied.

SO ORDERED on November 15, 2015.

s/Robert L. Hinkle
United States District Judge